IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSVALDO PUMBA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-179 |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COUNTY JAIL ADMINISTRATION, TYLER WOLFE, DAVID VOLPE, ALTON MURRAY, DAWSON, BROOKE ALBERTA, ROBERT MCFADDEN, STEVEN MILLER, MICHAEL DAILEY, KYLE RUSSEL, WILDAY, and AMANDA MEAD VOLPE, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 6th day of May, 2022, after considering the following filed by the *pro se* plaintiff, Osvaldo Pumba: (1) prisoner trust fund account statements (Doc. Nos. 4, 14); (2) a motion for speedy trial (Doc. No. 6); (3) a motion "of one million dollars lawsuit" (Doc. No. 7); (4) a motion for extension of time (Doc. No. 8); and (5) motions for leave to proceed *in forma pauperis* (Doc. Nos. 9, 11, 13); and for the reasons stated in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The motions for leave to proceed *in forma pauperis* (Doc. Nos. 9, 11, 13) are **GRANTED**, and the plaintiff has leave to proceed *in forma pauperis*;

2. Osvaldo Pumba ("Pumba"), #02001449083, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the Warden of the Lehigh County Jail or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Pumba's inmate account; or (b)

the average monthly balance in Pumba's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case. In each succeeding month when the amount in Pumba's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to Pumba's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

3. The clerk of court is **DIRECTED** to **SEND** a copy of this order to the Warden of Lehigh County Jail;

4. The complaint (Doc. No. 2) is **DEEMED** filed;

5. The following claims in the complaint (Doc. No. 2) are **DISMISSED WITHOUT PREJUDICE**: (a) all claims against the Lehigh County Jail Administration; (b) the deliberate indifference claim against Lieutenant Brooke Alberta; (c) the failure to intervene claims against Lieutenant Dawson, C.O. David Volpe, and C.O. Alton Murray; (d) the sexual abuse claim against C.O. Wilday; (e) the conditions of confinement claims against Sergeant Amanda Mead Volpe, Lieutenant Dawson, and Lieutenant Michael Daily; and (f) the claims against Deputy Warden Russell, Deputy McFadden, and Deputy Miller;

6. The following motions are **DENIED**: (a) Pumba's motion for speedy trial (Doc. No. 6); (b) Pumba's motion "of one million dollars lawsuit" (Doc. No. 7); and (d) Pumba's motion for extension of time (Doc. No. 8);

7.     The clerk of court is **DIRECTED** to **SEND** Pumba a blank copy of the court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number;[1]

8.     Pumba has **thirty (30) days** from the date of this order to file an amended complaint if he can allege additional facts to state a plausible claim against the Lehigh County Jail Administration; plausible deliberate indifference claim against Lieutenant Alberta; plausible failure to intervene claims against Lieutenant Dawson, C.O. Volpe, and C.O. Murray; a plausible sexual abuse claim against C.O. Wilday; plausible conditions of confinement claims against Sergeant Volpe, Lieutenant Dawson, and Lieutenant Daily; and plausible claims against Deputy Warden Russell, Deputy McFadden, and Deputy Miller. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Pumba's claims against each defendant, and shall bear the title "Amended Complaint" and the case number, 22-179. If Pumba files an amended complaint, his amended complaint must be a complete document that includes all the bases for Pumba's claims, including claims that the court has not yet dismissed, if he seeks to proceed on those claims. **For example, Pumba must include in his amended complaint the allegations supporting his excessive force claim against Sergeant Amanda Mead Volpe, his sexual abuse claim against C.O. Volpe, and his deliberate indifference to serious medical needs claim against Tyler Wolfe, which have not been dismissed at this time, if Pumba seeks to proceed on those claims**. Claims that are not included in the amended complaint will not be considered part of this case. When drafting his amended complaint, Pumba should be mindful of the court's

---

[1] This form is available on the court's website at: https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

reasons for dismissing his claims as explained in the court's memorandum opinion. Upon the filing of the amended complaint, the clerk of court shall not make service until so ordered by the court;

9. If Pumba does not file an amended complaint, the court will direct service of his initial complaint on only defendants Sergeant Amanda Mead Volpe as to the excessive force claim, C.O. Volpe as to the sexual abuse claim, and Tyler Wolf as to the deliberate indifference claim, as described in the court's memorandum opinion. Pumba may also notify the court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Pumba is reminded to include the case number for this case, 22-179;

10. The clerk of court is **DIRECTED** to **SEND** Pumba (a) a copy of the court's separately filed memorandum opinion and this order, and (b) a copy of the complaint in this case (Doc. No. 2); and

11. The time to serve process under Rule 4(m) of the Federal Rules of Civil Procedure is **EXTENDED** to the date 90 days after the court issues summonses in this case if summonses are issued.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.